IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY L. REINERT, SR., | ) | **Case No. 11-22840-JAD** |
| | ) | **Chapter 7** |
| Debtor. | ) | Related to Dkt. Nos. |
| _____X | | 1742, 1743, 1751 |
| | ) | |
| POWER CONTRACTING, INC., | ) | **Case No. 11-22841-JAD** |
| | ) | **Chapter 7** |
| Debtor. | ) | Related to Dkt. Nos. 441 |
| _____X | | and 442 |
| | ) | |
| MFPF, INC., | ) | **Case No. 11-22842-JAD** |
| | ) | **Chapter 7** |
| Debtor. | ) | Related to Dkt. Nos. 337 |
| _____X | | and 338 |
| | ) | |
| METAL FOUNDATIONS, LLC, | ) | **Case No. 11-22843-JAD** - filed at |
| | ) | **Chapter 7** |
| Debtor. | ) | Related to Dkt. No. 318 |
| _____X | | |
| | ) | |
| DRESSEL ASSOCIATES, INC., | ) | **Case No. 11-22844-JAD** |
| | ) | **Chapter 7** |
| Debtor. | ) | Related to Dkt. Nos. 346 |
| _____X | | and 348 |
| | ) | |
| FLYING ROADRUNNER, INC., | ) | **Case No. 11-22845-JAD** |
| | ) | **Chapter 7** |
| Debtor. | ) | Related to Dkt. Nos. 343 |
| _____X | | and 345 |

## MEMORANDUM OPINION

These matters are core proceedings over which this Court has the requisite subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

Mr. Gary L. Reinert filed various *pro se* motions with the Court asserting

00017741

grievances with respect to the various chapter 7 trustees and their respective duties as they relate to the filing of tax returns. Mr. Reinert's complaints rested primarily on the contention that the trustees were not providing him with the tax returns the chapter 7 trustees intended to file or allegedly were supposed to file.

Upon hearing Mr. Reinert's grievances, the Court referred the matter to the Office of the United States Trustee, and requested that the Office of the United States Trustee submit a report and recommendation in each bankruptcy case where Mr. Reinert lodged his grievance.

Specifically, as to each bankruptcy case and trustee at issue, this Court's orders required that the United States Trustee shall:

> (1) conduct an investigation as to: (a) whether the Chapter 7 Trustee has complied with the applicable laws concerning the filing of tax returns for the bankruptcy estate; and (b) whether the Chapter 7 Trustee has complied with the applicable duties to furnish the tax return information to Gary L. Reinert, Sr.; and
>
> (2) file a Report and Recommendation on or before **December 14, 2015** that: (a) details what the obligations of the Chapter 7 Trustee are regarding the preparation and filing of tax returns for the bankruptcy estate; (b) states how the Chapter 7 Trustee has complied with those duties; and (c) whether the Chapter 7 Trustee has any duties remaining to be completed; and
>
> (3) if it is determined that the Chapter 7 Trustee has not complied with the applicable duties and/or laws concerning the filing of the tax returns, make a recommendation as to what is necessary for the completion of the tax returns and what, if any, further action should be taken in this Court in that regard.

See, e.g., Dkt. No. 435 filed at Case No. 11-22841-JAD (emphasis in original order).

Parenthetically, the Court would note that the Court referred this matter to the Office of the United States Trustee because it is an arm of the United States Department of Justice. As such, the U.S. Trustee is the "watch dog" of the bankruptcy system, and is charged with supervisory authority over panels of chapter 7 trustees. See <u>United States Trustee Program Policy and Practices Manual</u>, Ch. 1-4 (among the roles of the United States Trustee program is to supervise private trustees); see also <u>Handbook for Chapter 7 Trustees</u>, U.S. Department of Justice, Executive Office for the United States Trustee, Eff. Oct. 1, 2012, p.6-1 ("The United States Trustee establishes, maintains, and supervises panels of chapter 7 trustees, and monitors and supervises the administration of cases under chapter 7 of the Bankruptcy Code.").

The Court would also note that Mr. Reinert is no stranger to the bankruptcy process, as he has been actively involved in these cases for several years. The background of his involvement is appropriately described in the Court's prior opinion found at <u>Reinert v. Bould (In re Gary L. Reinert, Sr.)</u>, Adv. No. 14-2204JAD, 2015 WL 1206714 (Bankr. W.D. Pa. March 12, 2015). That Opinion and Order issued by the Court dismissed various claims sounding in RICO that Mr. Reinert had asserted against certain trustees, certain professionals employed by the trustees, and counsel to the purchaser of the debtors' assets. Because the Court writes for the benefit of the parties, the Opinion and Order is incorporated herein by reference.

In a nutshell, the Court's prior ruling rejected Mr. Reinert's complaints about the trustees' having filed allegedly fraudulent bankruptcy schedules, rejected his complaints about having no access to books and records, rejected his complaints that the trustees have somehow committed fraud on the Court, and found that Mr. Reinert's civil claims were without merit. The Court also reiterated that Mr. Reinert's discharge has previously been denied because of his failure to cooperate with the bankruptcy trustees. See In re Reinert, Case No. 11-22840, 2014 WL 2442296 (Bankr. W.D. Pa. May 30, 2014), which, again because the Court writes primarily for the parties, is incorporated herein by reference.

Ultimately, this Court's March 12, 2015 Opinion and Order were affirmed on appeal, and thereafter Mr. Reinert lodged his grievances as they relate to the tax return issues referenced in the Court's referral orders to the Office of the United States Trustee.

The United States Trustee conducted an investigation per this Court's orders, and the Report(s) and Recommendation(s) of the United States Trustee found that all trustees have essentially complied, or are complying, with their duties as they relate to the preparation and/or filing of tax returns. The United States Trustee therefore recommended that no Court intervention is required.

The United States Trustee also recommended that if Mr. Reinert has any facts supporting inaccuracies in the tax returns, that Mr. Reinert furnish the trustees with the list of inaccuracies along with any supporting documentation.

The Court therefore found the United States Trustee's Report(s) and Recommendation(s) to be appropriate and approved them. In the cases where tax returns are to be filed, the Court also ordered that:

> [B]y no later than January 15, 2016, Mr. Gary L. Reinert, Sr. shall provide the Chapter 7 Trustee with his written comments detailing any alleged errors in the tax returns of the Trustee, together with any supporting documentation, recorded information, or authority for Mr. Reinert's suggested corrections (if any). By January 15, 2016, Mr. Reinert shall also provide written disclosure of the name and contact information of any professional who assists him in connection with this case. Mr. Reinert is also directed to certify the accuracy of any information provided to the Chapter 7 Trustee under penalty of perjury, consistent with 28 U.S.C. § 1746.

See, e.g., Dkt. No. 439 filed at Case No. 11-22841-JAD.

Mr. Reinert, however, lodged an objection to the Report(s) and Recommendation(s) of the United States Trustee, and he moved for reconsideration of the Court's orders with respect to the same. Mr. Reinert also previously filed his motion styled: "Motion to Involve Department of Treasury, Internal Revenue Service, Criminal Investigation."

These pleadings filed by Mr. Reinert are not a model of clarity. However, the gravamen of the pleadings are that Mr. Reinert claims that the trustees have been furnished fraudulent information, and that this "fraudulent" information is what is included in the tax returns prepared by the trustees in the cases where returns have to be filed. Mr. Reinert also complains about the investigation undertaken by the United States Trustee.

As to the latter, the investigation of the United States Trustee included (a) interviews of the trustees and Mr. Reinert, and (b) an examination of applicable law. Without articulating what else would be expected of the United States Trustee, Mr. Reinert complains that the investigation was not good enough. Without providing any legal authority as to how the Court can second guess the executive discretion of the U.S. Trustee, and without providing the Court with any compelling circumstances that would warrant any further examination by the U.S. Trustee, the Court concludes that there is no basis in the record to disturb the U.S. Trustee's Report(s) and Recommendation(s).

At the hearing held on these matters, it became abundantly clear that Mr. Reinert has no intention of providing the trustees with a list of particulars as to how the trustees' tax returns are incorrect. Of course, the Court does not know if the tax returns are correct or not as the Court is not an auditor of the Internal Revenue Service. No matter what, Mr. Reinert's allegation about allegedly fraudulent books and records is really a mess of his own making for he has never provided the trustees with any meaningful cooperation during these bankruptcy cases.

Even in the face of this lack of cooperation, the trustees at issue appear to be doing their best to conclude what have been difficult cases for them to administer. Of course, the difficulty the trustees have encountered have been occasioned by Mr. Reinert's continued failure to cooperate— which includes his

latest failure to provide certified information identifying how the trustees' tax returns are inaccurate.

Regardless, what became clear to the Court at the hearing on these matters is that Mr. Reinert is now using the tax return issue as a means or tool to revisit his prior complaints against the trustees and other parties in these cases. (That is, he is merely reasserting his grievances about the prior sale of assets, his grievance about his access or lack of access to books and records, his refusal to file verified schedules in each of the respective bankruptcy cases, and his contention that the trustees have all somehow defrauded Mr. Reinert and the Court.)

Each of these matters have been previously adjudicated by the Court, and Mr. Reinert's effort to re-cast them at this hour is barred by res judicata or collateral estoppel. See Reinert v. Bould (In re Reinert), Adv. No. 14-2204JAD, 2015 WL 1206714 (Bankr. W.D. Pa. March 12, 2015).

For these reasons, the Court declines to reconsider its Orders adopting the U.S. Trustee's Report(s) and Recommendation(s) and the affirmative requests for relief by Mr. Reinert are denied. The Clerk should also be directed to issue the Final Decree in the cases that have been fully administered by the chapter 7 trustee(s). An appropriate Order shall be issued.

Date: February 26, 2016

_____
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

FILED
2/26/16 3:20 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

cc:  Mr. Gary L. Reinert, Sr.
     Office of the U.S. Trustee
     All Chapter 7 Trustees and Counsel to the Chapter 7 Trustees